IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VIRGINIA ELECTRIC AND POWER COMPANY,

    Plaintiff,

v.                                          Civil Action No. 3:07CV224

BROE GROWTH CAPITAL, LLC,

    Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court pursuant to 28 U.S.C. § 636 (b)(1)(B) for a report and recommendation on Defendant Broe Growth Capital, LLC's ("Broe") Partial Motion to Dismiss Count II of the Complaint. (Docket No. 5.) The parties briefed the matter, and requested oral argument, which was held today. For the reasons stated below, it is RECOMMENDED that Broe's Motion be DENIED.

## I. BACKGROUND

Plaintiff Virginia Electric and Power Company ("VEPCO") held a bankruptcy claim against a third party in excess of $14,100,000. (Compl. ¶ 5.) On December 9, 2004, VEPCO allegedly sold this claim to Broe for $1,500,000, which was to be paid by both an initial payment and a promissory note. (Compl. ¶¶ 5-6.) On December 21, 2004, Broe paid VEPCO the initial payment of $200,000 and delivered a promissory note for the remainder. (*Id.* at ¶ 7-8; Ex. A.) Under the note, Broe would pay installments of $130,000 until the note was paid off. (*Id.* at ¶ 9; Ex. A.) VEPCO alleges that Broe has not made any payments. (*Id.* at ¶ 10.) On April 17, 2007, VEPCO filed a Complaint alleging two counts: (I) breach of contract; and, (II) unjust enrichment. (Compl. ¶¶ 13-24.)

Broe filed the instant motion on May 8, 2007, seeking to dismiss Count II of the Complaint.

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A dismissal under Rule 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Martin*, 980 F.2d at 952. The Court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). While the Court must take the facts in the light most favorable to the plaintiff, the Court is not bound with respect to the complaint's legal conclusions. *See Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). In essence, a Complaint must provide a defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests" so as to create a factual basis sufficient to enable the defendant to prepare a response. *Conley*, 355 U.S. at 47.

## III. ANALYSIS

Broe moves to dismiss VEPCO's allegation of unjust enrichment, asserting that an equitable claim for unjust enrichment cannot "coexist" with a legal claim for breach of contract. (Def.'s Mem. Supp. Mot. to Dismiss 3.) VEPCO claims that it may plead alternate legal theories. (Pl.'s Mem. Opp. 1.)

The Federal Rules of Civil Procedure set forth liberal pleading standards. *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 357-58 (4th Cir. 2006). Rule 8 mandates that:

> A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses . . . . A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds.

Fed. R. Civ. P. 8(e)(2).

A party need not elect and plead a single theory on which to seek recovery. *See United Roasters, Inc. v. Colgate-Palmolive Co.*, 649 F.2d 985, 990-91 (4th Cir. 1981) (holding plaintiff was wrongly forced to make an election between two alternative theories based on the same set of operative facts).

Here, Plaintiff pleads mutually exclusive theories. Count I pleads breach of contract, a legal, not equitable, claim. Virginia law defines a breach of contract as "failure, without legal excuse, to perform any promise which forms the whole or part of a contract." *Clevert v. Jeff W. Soden, Inc.*, 400 S.E.2d 181, 183 (Va. 1991) (*quoting* Black's Law Dictionary 188 (6th ed. 1990)).[1] Count II pleads unjust enrichment, an "implied or quasi-contract remedy . . . based on equitable principles."[2] *Inman*, 467 F. Supp. 2d at 655 (*citing Kern*, 299 S.E.2d at 364-65).

---

[1] A breach of contract has three elements: (1) defendant's legally enforceable obligation to the plaintiff; (2) violation or breach of that obligation by the defendant; and (3) injury or damage to the plaintiff caused by the breach of obligation. *Eplus Tech., Inc. v. Nat'l R.R. Passenger Corp.*, 407 F. Supp. 2d 758, 761 (E.D. Va. 2005) (*citing Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004)).

[2] Under Virginia law, its elements are: (1) conferring of a benefit by the plaintiff on the defendant; (2) defendant's knowledge of the conferring of the benefit; and (3) acceptance or retention of the benefit by the defendant under circumstances rendering "it inequitable for the defendant to retain the benefit without paying for its value." *Microstrategy, Inc. v. Netsolve, Inc.*, 368 F. Supp. 2d 533, 537 (E.D. Va. 2005) (*citing Nossen v. Hoy*, 750 F. Supp. 740, 744-45 (E.D. Va. 1990)).

Virginia law[3] prohibits simultaneous recovery through both equitable and legal remedies. If a full remedy at law is available, then one based on equitable principles is barred. *Levinson v. Mass. Mut. Life Ins. Co.*, Civil Action No. 4:06cv086, 2006 U.S. Dist. LEXIS 83397 (E.D. Va. Nov. 9, 2006). Alternately, if there is not an adequate legal remedy available, a court may adopt a form of equitable relief. *Id.* Therefore, if a court finds that an express contract exists between the parties, either by determination of the court or stipulation of the parties, the equitable remedy of unjust enrichment is unavailable. *See Acorn Structures, Inc. v. Swantz*, 846 F.2d 923, 926 (4th Cir. 1988); *Inman v. Klockner-Pentaplast of Am., Inc.*, 467 F. Supp. 2d 642, 655 (W.D. Va. 2006) (*citing Kern v. Freed Co.*, 299 S.E.2d 363, 364-65 (Va. 1983)); *Vollmar v. CSX Transp., Inc.*, 705 F. Supp. 1154, 1176-1177 (E.D. Va. 1989).

Defendant Broe cites *Inman* and *Vollmar* for the proposition that an unjust enrichment claim can not "coexist" with a breach of contract claim. In both cases, the court denied recovery for unjust enrichment because a valid express contract between the parties existed. *Inman*, 467 F. Supp. 2d at 655; *Vollmar*, 705 F. Supp. at 1176. In *Inman*, both parties acknowledged the existence of the employment contract from which the dispute arose. *Inman*, 467 F. Supp. 2d at 644-45. In *Vollmar*, the court found the disputed collective bargaining agreement was a valid express contract with all contract principles applicable. *Vollmar*, 705 F. Supp. at 1173-74, 1176-77.

Unlike the cases cited by Broe, however, the existence of a valid express contract has not yet been determined by this Court. Broe claims this does not defeat its motion because in its Complaint, VEPCO alleges terms in the note that could constitute only an express agreement

---

[3]When this court's jurisdiction is based upon diversity, the court must apply the substantive law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

4

(written or oral), or an agreement implied in fact. (Def.'s Reply 2)(*citing* Compl. ¶¶ 5-8, 19, which refers to an "agreement" as part of the unjust enrichment claim).

This position cannot be sustained. First, even during oral argument, Broe declined to assent that an agreement exists. This is a position Broe has every right to take, as it also did during briefing. *See* Def.'s Reply 2, n.1. Given that, however, it cannot ask this Court to hold VEPCO to strict pleading standards limiting - at this early stage - its claim for relief. Until this Court determines the note is valid and enforceable, VEPCO retains its right to plead in the alternative. Simply put, a set of facts exists under which VEPCO could prove its unjust enrichment claim and recover. *See Atl. Credit & Fin. Special Fin. Unit, LLC v. MBNA Am. Bank, N.A.,* Civil Action No. 7:00-CV-00846, 2001 U.S. Dist. LEXIS 10957, at *15 and n.6 (W.D. Va. June 4, 2001) (denying motion to dismiss count for unjust enrichment). As such, Defendant's Partial Motion to Dismiss Count II should be DENIED.

## II. CONCLUSION

For the foregoing reasons, this Court RECOMMENDS that Defendant's Motion to Dismiss Count II be DENIED. (Docket No. 5.)

The parties are ADVISED that they may file specific written objections to the Report and Recommendation within ten (10) days of the date of entry hereof. Each objection should be labeled with the corresponding heading from the Report and Recommendation, should be numbered, and should identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to file specific objections to the Report and Recommendation in a timely manner may result in the entry of an Order dismissing the Complaint. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

The Clerk is directed to send a copy of the Report and Recommendation to counsel of record and to the Honorable Robert E. Payne.

/s/
Hon. M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: June 26, 2007